IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALLY FINANCIAL INC., RESIDENTIAL CAPITAL, LLC, and GMAC MORTGAGE LLC. | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Case No. 4:12cv600 |
| | § | Judge Clark/Judge Mazzant |
| PHILLIP ROGER FLINN, II, RALPH "RUSTY" CAVES, JOHN W. SANDSTROM, SANDSTROM ELECTRIC COMPANY | § § § § | |
| *Defendants.* | § § | |

## ORDER ADOPTING REPORT AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On June 19, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant Philip Roger Flinn, II's Motion to Dismiss Plaintiffs' Third Amended Complaint and First Motion for More Definite Statement [Doc. #83] and Defendant Caves' Motion to Dismiss Third Amended Complaint and Third Motion for More Definite Statement [Doc. #81] be denied [Doc. #102]. On July 3, 2013, defendant Caves filed objections [Doc. #110]. On July 8, 2013, defendant Flinn filed timely objections [Doc. #113]. On July 22, 2013, plaintiffs filed a response to Caves' objections [Doc. #116]. On July 25, 2013, plaintiffs filed a response to Flinn's objections [Doc. #117].

The Magistrate Judge recommended the denial of the defendants' challenge to the court's subject matter jurisdiction as well denial of defendants' Rule 12(b)(6) motions.

1

Defendant Caves' objection is that the court lacks diversity jurisdiction on the issue of the amount in controversy.  Caves asserts that although plaintiffs assert that the amount in controversy is over $75,000, their complaint fails to demonstrate that each plaintiff can satisfy the amount in controversy requirement as to each defendant.  Caves spends seven of his ten pages of objections outlining his argument why the amount in controversy has not been met.  The problem with this argument is that this was not an argument raised in defendant's pending motion and was not addressed by the Magistrate Judge in his report.  Thus, this is not a proper objection.  Caves did raise this issue in an earlier motion to dismiss.  The Magistrate Judge recommended denial of the earlier motion and no objection was filed.  The argument raised by Caves in his current motion challenges whether there is complete diversity.  The Magistrate Judge addressed this issue, but Caves failed to address this issue in his objections.

Defendant Flinn objects to the finding that there is complete diversity between the parties. Flinn's motion questions whether plaintiffs failed to disclose the substantial ownership interests held by the United States in plaintiffs.  Flinn also incorporates an earlier-filed motion to dismiss. Incorporation of an earlier denied motion is not the correct way to properly raise this challenge.  If the court ignores the earlier motion, there is no basis for a challenge to diversity jurisdiction. Examining the current motion, the court cannot determine the exact challenge to jurisdiction that is being asserted.  Although the Magistrate Judge examined the arguments being made by Flinn in the earlier motion, the court sees no basis, based upon what is being asserted, for a finding that this court does not have diversity jurisdiction.  As an alternative, Flinn requested an evidentiary hearing on the issue of jurisdiction.  Flinn had the opportunity to obtain discovery and could have raised a challenge to jurisdiction.  The motion filed failed to properly challenge jurisdiction.  The Magistrate Judge

2

considered the arguments raised in the earlier-filed motion and properly rejected them.  All other arguments being asserted in the objections were not present before the Magistrate Judge and are rejected.

Even if there were an issue with diversity jurisdiction with regard to the defendants, the court has federal court jurisdiction because of the allegation that Flinn and Caves violated the RICO statute.  Both defendants object to the sufficiency of the pleadings.  The court rejects their arguments. Plaintiffs' Third Amended Complaint contains 176 paragraphs and totals 81 pages.  The court finds that plaintiffs have pleaded plausible claims in sufficient detail to defeat a Rule 12(b)(6) motion. The proper attack on the sufficiency of the evidence to support the various claims would have been a motion for summary judgment.

It is clear that the Magistrate Judge has been patient with the parties and the progress of this case.   This case is set for final pretrial conference on March 26, 2014.
The deadline for motions to dismiss or motions for summary judgment was July 5, 2013.  Thus, the failure of the parties to move this case along has resulted in the current situation where the case is either going to trial or the parties will settle.  Although the Magistrate Judge has not considered whether to extend the dispositve motion deadline, because no motion has been filed by any party, the court would not be inclined to entertain such a motion.  Defendants' endless motions and objections have delayed progress of this case.  Defendants have failed to present coherent arguments in the briefing and raise issues that were not presented to the Magistrate Judge.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by defendants [Doc. #110, #113], as well as plaintiffs' responses [Doc. #116, #117], this court is of the opinion that the findings and conclusions of the Magistrate Judge are

3

correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Defendant Philip Roger Flinn, II's Motion to Dismiss Plaintiffs' Third Amended Complaint and First Motion for More Definite Statement [Doc. #83] and Defendant Caves' Motion to Dismiss Third Amended Complaint and Third Motion for More Definite Statement are **DENIED**.

So **ORDERED** and **SIGNED** this **4**   day of **September, 2013.**

_____
Ron Clark, United States District Judge